**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**GEORGE SHAMOON,**

            **Plaintiff,**

     -against-

1. **JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE**
2. **MICHAEL MONFORTE**
3. **ERICA COHEN**

           **Defendants.**
-----------------------------------------------------------x

**OPINION AND ORDER**
**05-CV-4508 (NG) (LB)**

**GERSHON, United States District Judge:**

*Pro se* plaintiff George Shamoon filed the instant action against defendants John E. Potter ("Potter"), Postmaster General, Michael Monforte ("Monforte"), a postal supervisor, and Erica Cohen ("Cohen"), an attorney for the United States Postal Service ("USPS"). Plaintiff alleges that he was discriminated and retaliated against in that (1) he was denied overtime compensation; (2) he was not permitted to work off the clock; and (3) he was denied a monetary award for achieving over 3,000 hours of unused sick leave. Plaintiff further alleges that Ms. Cohen committed perjury while representing the USPS at a hearing before the Equal Employment Opportunity Commission ("EEOC"). Defendants move this court to dismiss all claims, arguing that plaintiff fails to state a claim on which relief can be granted. For the reasons set forth below, defendants' motion to dismiss is granted.

# I. ALLEGATIONS

The factual allegations in plaintiff's complaint are taken as true and all reasonable inferences are drawn in plaintiff's favor.

Plaintiff is an employee of the USPS. Plaintiff asserts that on three occasions during 2003, he was denied overtime compensation. On each of these occasions, plaintiff returned to work after having been off for two days to find "four full hampers, piled high, of delayed mail." Letter to EEOC at 1, attached to Complaint. While other employees received overtime pay under the same circumstances, plaintiff was denied permission to work overtime to process the mail that had accumulated in his absence.

Plaintiff also alleges that, in 2003, he "was suddenly and constantly being harassed and stalked-for working off the clock," specifically during his breaks and lunch hours. Complaint at 1; Letter to EEOC at 6, attached to Complaint. As a result of "working off the clock," plaintiff received a warning letter, followed by a letter of suspension and possible termination that was later rescinded.

That same year, after achieving 29 years of service with the USPS in 2003, plaintiff accumulated 3,000 hours of unused sick leave for which he failed to received a monetary award. While certain employees received $500 in recognition of their job performances, monetary awards were not awarded in recognition of an employee's accumulation of unused sick leave. Plaintiff's achievement was not recognized by his employer until December 2003, after plaintiff brought it to the attention of his supervisor during a mediation hearing. A few days after the hearing, plaintiff received a certificate, dated July 15, 2003, in recognition of his achievement.

Plaintiff filed a complaint with the EEOC and alleges that at the hearing conducted on

January 12, 2005, Ms. Cohen, the attorney representing the USPS, committed perjury when she told the administrative law judge that plaintiff "was not given overtime because [his] days off are different than [his] partner Kenny Huie's-that on [his] days off there are <u>supposedly</u> more clerks at the Elmhurst station and that they would take care of the mail and therefore eliminate the need to give [him] overtime." Letter to EEOC at 3, attached to Complaint.

The administrative law judge denied plaintiff's claims, and the EEOC affirmed the decision on June 15, 2005. Plaintiff commenced this action on September 23, 2005 by filing a two-page handwritten complaint. The complaint was accompanied by a copy of a ten-page handwritten letter to the EEOC appealing the decision of the administrative law judge, and a copy of the right to sue letter issued by the EEOC. The complaint sets forth facts as described above and recites, "[t]his is a very simple case of employment discrimination-not based on race, color or religion-but simply based on sheer animosity, hatred and hostility." Complaint at 1. On December 28, 2005, defendants moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff fails to state a claim for which relief can be granted.

Construing the allegations in plaintiff's complaint and the attached letter to the EEOC liberally, the court views plaintiff's claims as an attempt to invoke Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.

## II. DISCUSSION

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46

3

(1957); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002). In considering a motion to dismiss, the court must accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir. 1998). Moreover, *pro se* complaints, "however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers" and are to be construed liberally on a motion to dismiss. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980)(citation and internal quotations omitted); *Boddie v. Schneider,* 105 F.3d 857, 860 (2d Cir.1997).

### B. Liability of Individual Defendants

"Under 42 U.S.C. § 2000e-16(c), the proper defendant in an employment discrimination action brought by a federal employee is 'the head of the department, agency, or unit.'" *Mathirampuzha v. Potter*, 371 F. Supp. 2d 159, 163 (D. Conn. 2005). Therefore, the proper defendant in this action is Potter, the Postmaster General. However, other individual employees are not proper defendants under Title VII. *See Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 59 (2d Cir. 2004)(citing *Gregory v. Daly*, 243 F.3d 687, 689 n.1 (2d Cir. 2001)). This is true even with respect to individual employees who had supervisory control over the plaintiff. *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir.1995) ("We now hold that individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742 (1998); *Wrighten v. Glowski,* 232 F.3d 119, 120 (2d Cir. 2000) (per curiam) ("[I]ndividuals are not subject to liability under Title VII."); *Patterson v. County of Oneida,* 375 F.3d 206, 221 (2d Cir.2004) ("[T]he district court properly dismissed [plaintiff's] Title VII claims against the individual defendants."). Accordingly, the claims against defendants Monforte and Cohen are dismissed.

### C. Plaintiff's Title VII Claims

Title VII provides that it shall be "an unlawful employment practice" for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). Title VII also provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

Plaintiff expressly disavows that he was discriminated against on the basis of "race, color, or religion" but rather, alleges that he was discriminated against "simply based on sheer animosity, hatred and hostility." Complaint at 1. Similarly, plaintiff alleges that he was retaliated against "not because of any activity with E.E.O.-but because [he] was working off the clock (during breaks and lunches)." Letter to EEOC at 6, attached to Complaint. Again, he expressly states that he was not retaliated against because of his participation in EEO activity but rather, "all of the aggravation that [he] went through came as a result of [his] working off the clock." *Id.* at 7. "Title VII does not establish a 'general civility code' for the American workplace." *Petrosino v. Bell Atlantic*, 385 F.3d 210, 223 (2d Cir. 2004)(citing *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 81 (1998). Plaintiff fails to cite any statutory or constitutional basis for the claim against his employer for what he perceives to be unfair conduct. Plaintiff's complaint, liberally construed, does not include allegations of discriminatory conduct or retaliation and therefore fails to state a claim under Title

VII. Accordingly, defendants' motion to dismiss these claims is granted.

### D. Plaintiff's "Perjury" Claim Against Ms. Cohen

Finally, insofar as plaintiff asserts a claim for "perjury" against Ms. Cohen, the attorney who represented the USPS during the administrative proceedings, that claim must be dismissed. Title VII does not provide for a private cause of action for perjury. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 521 (1993); *see also Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002).

## III. CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted. The Clerk of Court is directed to enter judgment in favor of defendants and close this case.

**SO ORDERED.**

　　/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

Dated: October 25, 2006
　　　Brooklyn, New York